# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID S. TAYLOR, et al., individually and on behalf of all similarly situated persons, | : : : : : |
| Plaintiffs, | : : |
| v. | : 3:06cv1494 (WWE) : |
| UNITED TECHNOLOGIES CORPORATION, et al., | : : : |
| Defendants. | : |

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs David Taylor, Jim Conlin and Karl Todd, individually and on behalf of all similarly situated persons, have filed an action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, plaintiffs allege that defendants United Technologies Corporation's ("UTC"), its Pension and Investment Committee ("PAIC"), its Pension Administration Committee ("PAC"), and three executives, William Bucknall Jr., James Geisler, and Laurie Havanec, breached their fiduciary duties pursuant to ERISA with regard to certain employee benefit plans.

Defendant has moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss will be denied.

**BACKGROUND**

The following background is reflected in the allegations of the complaint, which are taken as true for purposes of ruling on this motion to dismiss.

UTC offers certain of its employees the opportunity to participate in two employee benefit plans known as the ESP Plan and the RESP Plan, both of which contained employee stock ownership plan provisions and were tax-qualified 401(k) plans.

Under the ESP Plan, qualified employees may contribute a percentage of their before-tax earnings to the ESP Plan. UTC makes matching contributions in UTC common stock rather than cash in varying percentages of the employees' eligible compensation.

In the RESP Plan, participants may contribute a percentage of their before-tax earnings and, in some cases, a percentage of their after-tax earnings, to the RESP Plan. UTC makes contributions to the RESP Plan in varying amounts according to the terms of the relevant collective bargaining agreement.

UTC has designed the two plans to be operated through a master trust known as the UTC Employee Savings Plan Master Trust ("Master Trust"). Employees participating in the ESP and RESP Plans may choose to invest their contributions in any of 25 options. These investment options include eight collective trusts, sixteen retail mutual funds, and the UTC Common Stock Fund. ESP and RESP Plan participants may invest in the UTC Common Stock Fund by buying units of the Stock Fund.

Defendants have employed various plan service providers to assist with administration and management of the Plans.  The cost of these service providers is assessed against the participants' accounts.  The participants and beneficiaries of the plans have paid unreasonably high fees for the administrative or investment management services.

The service providers receive payments either through direct disbursements ("Hard Dollar fees")  from the Plans, or through "Revenue Sharing" payments comprising Plan assets.  Although Revenue Sharing monies arise only as a result of, and in connection with, transactions involving the Plan, Plan assets and Plan service providers, Revenue Sharing is not always captured and used for the benefit of the Plans and participants.

The value of each UTC Common Stock Fund is reduced by the fees and expenses assessed against the assets in the UTC Common Stock Fund and a portion of the cash held in the Employer Stock Fund.  The return that the Plans' participants receive on their investment in the UTC Common Stock Fund is generally lower than that of an investor holding a portfolio of UTC stock outside of the Plans.  The amount of cash that the UTC Common Stock Fund holds also reduces the extent to which participants share in the financial success of UTC stock.  Consequently, Plan participants' investment returns on the UTC Common Stock Fund have substantially underperformed compared with returns of investors in UTC outside of the Plans.

Defendants have not disclosed the true amount of the fees in the Plans and the extent to which the UTC Common Stock Fund was underperforming compared with UTC common stock purchased outside of the Plans.

Plan participants did not have complete and actual knowledge of the fees and expenses being charged to the Plans that reduced their account balances. Revenue Sharing is also not disclosed to Plan participants or government regulators. Due to defendants' failure and refusal to provide information regarding plan expenses, the participants have not been provided with the opportunity to obtain sufficient information to make informed investment decisions.

## DISCUSSION

### Motion to Dismiss

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Igbel v. Hasty, – – F.3d – – , 2007 WL 1717803 *10-11 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Defendants urge dismissal of this action, arguing that plaintiffs have not properly pleaded the essential elements of breach of fiduciary duty pursuant to ERISA: namely, that the unreasonable fees stemmed from defendants' imprudent conduct, and that

defendants failed to disclose material information regarding revenue sharing that caused a loss to the Plan.

### Breach of Fiduciary Duty Based on Unreasonable Fees and Expenses

Defendants attack plaintiffs' assertion of breach of fiduciary duty due to unreasonable fees and expenses, arguing that no allegation describes any fiduciary's improper conduct or violation of a duty. Further, defendants submit that the plaintiffs' allegations as to unreasonableness fail as a matter of law.

On a breach of fiduciary claim, the Court must focus upon whether the conduct or steps that the fiduciary took conformed to ERISA standards. <u>Ulico Cas. Co. v. Clover Capital Mgmt., Inc.</u>, 335 F.Supp.2d 335, 340 (N.D.N.Y. 2004). In the context of investment decisions, ERISA requires a fiduciary to employ "the appropriate methods to investigate the merits of the investment and to structure the investment." <u>Henry v. Champlain Enters., Inc.</u>, 445 F.3d 610, 618 (2d Cir. 2006). ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), requires a fiduciary to "discharge his duties with respect to the plan":

> (A) for the exclusive purpose of . . . providing benefits to participants and their beneficiaries; and . . . defraying reasonable expenses of administering the plan;
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims. . . .

ERISA Sections 406 and 408 forbid a fiduciary from causing a plan to enter into a contract to obtain services from a service provider if the fiduciary knows or should know that the arrangement will enable the service provider to receive unreasonable

compensation.

Defendants submit that plaintiffs' complaint is bereft of allegations describing how defendants violated their fiduciary duty and is confined only to declarations that defendants' decisions resulted in unreasonable fees and underperforming returns.

However, plaintiffs do allege that the fiduciaries' conduct included failure to take steps to inform themselves and to provide adequate oversight, which if proven, could plausibly entail a breach of fiduciary duty. At paragraph 152, plaintiffs provide that defendants failed, <u>inter alia</u>, "to monitor the fees and expenses paid by the Plan;" "to inform themselves of trends, developments, practices and policies in the retirement, financial investment and securities industry which affect the Plans;" and "to establish, implement, and follow procedures to properly and prudently determine whether the fees and expenses paid by the Plans were reasonable and incurred solely for the benefit of participants . . . ."

Defendants complain that these allegations are deficient because plaintiffs have failed to allege that the fiduciaries knew or should have known that the fees were unreasonable, or knew or should have known that keeping themselves informed would have resulted in a better deal for the Plan. As defendants have pointed out, plaintiffs' allegations do not present a detailed description of how defendants breached their fiduciary duty.

However, the Supreme Court has indicated that heightened or specific pleading is not necessary in all instances. In <u>Twombly</u>, the Supreme Court discussed with approval a generalized pleading of negligence that failed to allege how the defendant had been negligent. 127 S.Ct. at 1970 n. 10 (discussing Form 9 of Federal Civil Rules of

Procedure, Complaint for Negligence). Subsequent to its decision in Twombly, the Supreme Court iterated that specific facts are not necessary to satisfy Federal Civil Rule of Procedure 8(a), and the complaint need only give defendant notice of what the claim is and the ground upon which it rests. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

This Court recognizes that a complaint must be drafted without the benefit of discovery, and is satisfied that plaintiffs' allegations do satisfy the plausibility standard. The motion to dismiss will be denied on the basis that plaintiffs have failed to alleged conduct comprising a breach of fiduciary duty.

Defendants assert further that plaintiffs' claims grounded upon unreasonable fees and expenses due to revenue sharing fails as a matter of law. Specifically, defendants argue that plaintiffs have defeated their ability to prove the unreasonableness of the fees in accordance with industry practice since the complaint pleads that revenue sharing is a ubiquitous industry practice. See Brock v. Robbins, 830 F.2d 640, 645 (7th Cir. 1987) (evidence of what other service providers charged established reasonableness).

At paragraph 98, the complaint states that "[w]hen 401(k) plan service providers receive compensation in the form of both Hard Dollar fees *and* Revenue Sharing payments, determining the total amount of fees and expenses that the Plan incurs for any category of services (*i.e.* recordkeeping and administration, investment advisory, trustee, auditing, and accounting, etc.) requires that *both* the Hard Dollar fees *and* Revenue Sharing payments be taken into account." Paragraph 99 goes on to allege that "[a]scertaining whether a plan administrator has fulfilled its fiduciary obligation to ensure that the fees and expenses assessed against a 401(k) plan are reasonable and incurred solely in the interest of Plan participants requires consideration whether the *total of both*

7

the Hard Dollar (Plan, Master Trust and Sub-Trust) *and* Revenue Sharing payments paid for any category of services complies with this standard." Additionally, the complaint explains that "Revenue Sharing is not always captured and used for the benefit of the plan and participants." The fact that plaintiffs allege that Revenue Sharing is a common industry practice does not curtail their ability to prove that, in this instance, it has resulted in unreasonable fees. The Court will not grant the motion to dismiss on this ground.

<u>Breach of Fiduciary Duty Based on Failure to Disclose and Misrepresentation</u>

Plaintiffs assert that defendants have breached their fiduciary duty by failing to disclose fees related to the revenue sharing agreements. Specifically, plaintiffs allege that defendants did not disclose revenue sharing payments, and that the Summary Plan Document contains information regarding administrative fees that is misleading. Defendants argue that plaintiffs have not provided sufficient allegations in support of this claim for wrongful non-disclosure and that ERISA imposes no fiduciary duty to disclose such information.

In a recent decision, the district court of the Western District of Wisconsin considered an analogous claim of fiduciary breach and held that ERISA did not require disclosure of revenue sharing fees. <u>Hecker v. Deere & Co.</u>, 2007 WL 1874367 (W.D.Wis.). As the district court noted, recent proposals to amend the regulations to require revenue sharing disclosures make it apparent that ERISA fiduciaries are under no present duty to do so. <u>See</u> 71 Fed. Reg. 41,392, 41,394.

Here, plaintiffs argue that Congress chose not enumerate all of the fiduciary duties owed, and they urge the Court to find a duty to disclose by applying the prudent man rule derived in part from trust law. <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 496 (1996).

However, Congress has already created statutory disclosure obligations.  See Jordan v. Federal Express Corp., 116 F.3d 1005, 1110 (3d Cir. 2007).  The Court will not augment ERISA-fiduciary duties where Congress has already created detailed rules governing such obligation.  Black & Decker Disability Plan v. Nord, 538 U.S. 822, 831-32 (2003); Hecker, 2007 WL 1874367 at *5.  Accordingly, the Court will dismiss the breach of fidiciary claim based on non-disclosure of revenue sharing fees.

Plaintiffs' allegations are susceptible to construction as a misrepresentation claim. An ERISA fiduciary has a duty "not to misrepresent facts."  Caputo v. Pfizer, 267 F.3d 181, 192 (2d Cir. 2001).  The misrepresentation must be relevant to material information. Ballone v. Eastman Kodak Co., 109 F.3d 117, 122 (2d Cir. 1997).  A misrepresentation is material if there is a "substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision."  McMunn v. Pirelli Tire, LLC, 161 F.Supp.2d 97, 120 (D.Conn. 2001). A fiduciary may only be liable for losses that would not have occurred but for the fiduciary's breach.  Silverman v. Mut. Benefit Life Ins. Co., 138 F.3d 98, 105 (2d Cir.), cert. denied, 525 U.S. 876 (1998).

Defendants complain that plaintiffs have not sufficiently alleged that the misrepresented information was material and that it constituted a "but for" cause of damage.  However, paragraphs 142 and 143 allege that the participants did not receive "sufficient information to make informed decisions with regard to investment alternatives" and that they "lacked the information necessary to understand and protect their interest in the Plan. . . ."  The Second Circuit has admonished that a complaint should not be dismissed "on the ground that the alleged misstatement or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds

could not differ." Ganino v. Citizens Utilities Co., 228 F.3d 154, 162 (2d Cir. 2000). Misinformation regarding revenue sharing fees is not so obviously unimportant that the Court should dismiss the claim for failure to allege materiality. Further, the complaint may be construed to assert that plaintiffs sustained damage due to misrepresentation that prevented them from making informed decisions as to investment in mutual funds with more attractive fee arrangements. Accordingly, the Court will leave plaintiffs to their proof of misrepresentation.

### Breach of Fiduciary Duty Based on Failure to Appoint, Remove and Monitor Fiduciaries

Defendants' argument for dismissal of plaintiffs' allegation related to failure to appoint, remove and monitor fiduciaries is premised on this Court's dismissal of all claims. Since the Court has not dismissed all of plaintiffs' claims, this argument is moot.

### Motion to Strike

Defendants contend that this Court should strike allegations relating to the UTC Stock Fund as irrelevant to the breach of fiduciary duty claims.

Rule 12(f) of the Federal Rules of Civil Procedure provides that, upon motion, a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. In considering a motion to strike, the court does not examine the merits of the action, but merely determines whether any matter contained in the pleading itself was improperly included. Because pleadings are to be construed liberally, motions to strike generally are not favored and will be granted only upon a showing that the allegations in question have no possible bearing on the subject matter of the litigation. Schramm v. Krischell, 84 F.R.D. 294, 299 (D. Conn. 1979).

After careful review, it is clear that defendants' motion to strike should be denied. Construing the complaint liberally, the Court finds that the complaint may be construed to state a claim for breach of fiduciary duty based on holdings of excess cash in the UTC Stock Fund holdings, and for unreasonable fees charged to the UTC Stock Fund. Accordingly, the motion to strike will be denied.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss and to strike [doc. # 34] is GRANTED in part and DENIED in part.  The Court hereby dismisses only the breach of fiduciary duty claim based on failure to disclose.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated this \_9th\_ day of August, 2007 at Bridgeport, Connecticut.