IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID S. TAYLOR**, *et al.*, | ) | |
| individually and on behalf of all | ) | |
| similarly situated persons, | ) | CASE NO. 3:06-CV-01494-WWE |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | |
| **UNITED TECHNOLOGIES** | ) | June 11, 2008 |
| **CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

In a recent series of remarkably deficient filings, Defendants have attempted to file multiple summary judgment motions related to every claim at issue in this case. For the reasons set forth below, Plaintiffs respectfully move this Court to strike Defendants' Motions for Summary Judgment.

### BACKGROUND

On August 17, 2007, the Court issued a Scheduling Order setting a deadline of March 28, 2008, for the filing of dispositive motions. On February 19, 2008, Defendants requested additional time to file their dispositive motion as a result of Plaintiffs' rebuttal and supplemental expert reports, despite the fact that the deadline for dispositive motions was still more than a month away. *See* Defendants' Motion to Strike Plaintiffs' Rebuttal and Supplemental Expert Reports (Doc. 133). On April 11, 2008, the Court issued an Order approving the joint proposed amended case management deadlines, including a deadline for dispositive motions of two weeks following the last deposition of any rebuttal expert named by Defendants.

Despite the fact that discovery had been closed since February 29, 2008, Plaintiffs

produced their two rebuttal experts for deposition promptly, the last of which was completed on April 25, 2008, nearly two full months after the close of discovery. On May 23, 2008, Plaintiffs took the deposition of Defendants' rebuttal expert, thus triggering June 6, 2008 as the Court ordered deadline for the filing of dispositive motions. Yet, despite this ample amount of time – over three months since the close of discovery and over a full month since the last deposition of Plaintiffs' experts – Defendants were inexplicably unprepared or unwilling to file their motion for summary judgment in compliance with the Court's Case Management Order. During the last hours of Friday, June 6 and early morning hours of June 7, Defendants attempted to file multiple motions for summary judgment.

## ARGUMENT

**A.     Defendants' Motions for Summary Judgment are replete with violations of the Court's Case Management Order and the Local Rules.**

Nearly all of Defendants' filings relating to these motions were deficient in numerous ways:

- the combined Motion for Summary Judgment and Memorandum in Support Against Released Claims of Plaintiffs Taylor and Todd (Doc. 153) was filed without an annexed Statement of Material Facts, in violation of Local Rule 56(a)(1);

- the Motion for Summary Judgment Against All Claims (Doc. 154) was filed without an annexed Statement of Material Facts, in violation of L.R. 56(a)(1), and without a written memorandum of law, in violation of L.R. 7(a)(1);

- the Statement of Material Facts (Doc. 156) was filed out of time,[1] in violation of the Court's Case Management Order, was not annexed to any motion for summary judgment, in violation of L.R. 56(a)(1), and was purportedly linked to a motion for summary judgment (Doc. 154) that itself was deficient due to its lack of memorandum in support;

---

[1] The Court's Electronic Filing Policies state that "[f]iling documents electronically does not alter any filing deadlines," and "[a]ll electronic transmissions of documents must be completed . . . prior to midnight in order to be considered timely filed that day." *See* Electronic Filing Policies and Procedures, Sec. II.

2

- the Amended Motion for Summary Judgment (Doc. 158)[2] was filed out of time, in violation of the Court's Case Management Order, was filed without an annexed Statement of Material Facts,[3] in violation of L.R. 56(a)(1), and filed without a written memorandum of law, in violation of L.R. 7(a)(1);

- the Motion to File Excess Pages (Doc. 159) was filed out of time, in violation of the Court's Case Management Order and was improperly filed on the same day as the over-length memorandum;[4] and

- the Memorandum in Support re Motion for Summary Judgment (Doc. 160) was filed out of time, in violation of the Court's Case Management Order, was not accompanied by any motion for summary judgment, in violation of L.R. 7(a)(1), and was not annexed to any Statement of Material Facts, in violation of L.R. 56(a)(1).

Plaintiffs recognize the need to tread lightly on the ground of procedural formality and are mindful of avoiding hyper-technical complaints. While any one of aforementioned deficiencies, standing alone, may be explained by Defendants and excused by Plaintiffs and the Court, the extent of the violations can only be viewed as a complete disregard for both the local rules and the Court's Case Management Order. The local rules of this district are "not merely the hopes, dreams, or suggestions of this court," but, rather, "they make up the framework within which cases are decided in this district." *See American Lines, LLC v. CIC Ins. Co.*, 2004 WL 2381717, at *7 (D. Conn. 2004) (Case. No. 3:03-cv-1891-JCH). The rules cannot be waived when Defendants have offered absolutely no showing at all, much less the required substantial showing, as to why the rules should be disregarded. *Id.* In particular, page limitations serve a meaningful purpose by assisting the Court in managing its docket, affording it the opportunity to carefully and efficiently consider motions, and encourage counsel to express positions cogently

---

[2] Defendants have offered no explanation for the filing of the Amended Motion for Summary Judgment. Plaintiffs can only assume that it was filed to correct the lack of signature on the original Motion for Summary Judgment Against All Claims (Doc. 154), in violation of Fed.R.Civ.P. 11(a).

[3] Defendants have yet to file a Statement of Material Facts that even purports to be in support of the Amended Motion for Summary Judgment.

[4] *See Rand-Whitney Containerboard Lim. Partnership v. Town of Montville*, 289 F.Supp.2d 62, 85 (D. Conn. 2003) ("[a]ny motion to exceed the page limit on an approved filing must be made in ***advance*** of the filing itself, and ***not contemporaneously***") (emphasis added); *American Lines, LLC.*, 2004 WL 2381717, at *7 (noting that the defendant "improperly" filed its motion for leave to file excess pages on the same day as the over-length memo).

3

and concisely. *See Will v. General Dynamics*, 3:06-cv-00698-GPM (S.D.Ill. December 20, 2007) (citing *US v. Devine*, 768 F.2d 210, 211 (7th Cir. 1985) and *Morgan v. South Bend Cmty. Sch. Corp.*, 797 F.2d 471, 480 (7th Cir. 1986)), attached hereto as Exhibit A.

B.  **Defendants' Motions Eviscerate the Fundamental Purpose of Summary Judgment.**

While Defendants' blatant violation of the Court's Rules and Case Management Order may be matters the Court is willing to excuse, the Court cannot overlook Defendants' improper use of summary judgment as a means to cut off Plaintiffs' right to present their case to the fact finder. The Second Circuit has "long recognized that summary judgment is a drastic device, since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury." *Nationwide Life Ins. Co. v. Fankers Leasing Assoc., Inc.*, 182 F.3d 157, 160 (2nd Cir. 1999) (internal quotations omitted).

Although Plaintiffs do not intend to argue the merits of, or circumvent the page limits in responding to, Defendants' motions, the intent of Defendants to the contrary is obvious. Although legal memoranda are limited to 40 pages in length, Defendants' Memorandum in Support on All Claims (Doc. 160) is 89 pages, their deficient Statement of Material Facts (Doc. 156) is over 70 pages (containing 461 facts purportedly without genuine issue), and their Motion and Memorandum Against Released Claims of Plaintiffs Taylor and Todd (Doc. 153) exceeds 10 pages. Furthermore, Defendants submitted 248 exhibits, the last of which were not provided to Plaintiffs until June 10, 2008, allegedly in support of their Memorandum and their Statement of Facts.

In their Motion for Leave to File Excess Pages (Doc. 159, p.2),[5] Defendants offer that

---

[5] Plaintiffs oppose Defendants' Motion for Leave to File Excess Pages. Plaintiffs respectfully submit that their Motion to Strike provides sufficient grounds on the pleadings to deny Defendants' Motion without the filing of a formal memorandum in opposition. *See* L.R. 7(a)(1). Therefore, in the interest of judicial economy, Plaintiffs will not repeat these same arguments in a memorandum in opposition to Defendants' Motion.

4

"given the complexity of this matter, the factual and legal grounds for Defendants' motion cannot be adequately presented within [the 40 page] limit." Defendants are not the first parties to face the 40 page limit when attempting to deal with complex issues. If Defendants cannot demonstrate the absence of an issue of material fact within the page limit established by the Court, then perhaps their argument is not as meritorious as they would have the Court believe. *See, e.g.,* Ex. A, *General Dynamics*, (S.D.Ill. December 20, 2007) (striking over-length brief in a similar ERISA breach of fiduciary action involving numerous claims, stating "that, if [defendant] is required to expend [pages in excess of the page limit] to demonstrate its entitlement to a judgment as a matter of law as to the claims for breach of fiduciary duty in violation of ERISA asserted in this case, it probably is not entitled to such a judgment"); and *American Lines, LLC.*, 2004 WL 2381717 at *4, 7.

      Defendants further allege that they "contemplated filing separate motions and memoranda as to distinct counts," but chose to file an over-length memorandum instead. This excuse for their over-length brief is illogical. If all a party had to do to avoid the page limit required by the Local Rules was file multiple memoranda, all within the page limit, then there would be no reason for a mandated limitation on pages at all. Despite their inability to timely file the memorandum, this clearly is a strategy decision that Defendants must have made weeks ago. At that time, Defendants' proper course of action would have been to present this argument to the Court via a *timely* filed motion for leave to afford the Court an opportunity to determine whether that argument was valid *before* Defendants unilaterally filed an 89 page memorandum. *See Rand-Whitney Containerboard Lim. Partnership*, 289 F.Supp.2d at 85.

      In fact, the "complex" or novel nature of this case supports rejection of Defendants' deficient and over-length motions for summary judgment as an inappropriate attempt to bar

Plaintiffs from fully developing their case at trial. The Second Circuit has instructed that in a case raising complicated and difficult issues for the first time, summary judgment is simply "too blunt a weapon" and it is more prudent "to permit all the facts to be fully developed at trial." *Miller v. General Outdoor Advertising Co., Inc.*, 337 F.2d 944, 947-948 (2nd Cir. 1964). Despite Defendants' efforts to do so, the Court should not allow Defendants to use voluminous and deficient filings related to summary judgment as a means to conduct a trial by affidavit. *Donahue v. Windsor Locks Board of Fire Commissioners*, 834 F.2d 54, 58 (2nd Cir. 1987). Rather, Defendants should be required to meet their burden by rules of evidence at trial, if not by a summary judgment motion filed within the framework established by the Local Rules and this Circuit's case law.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court strike Defendants' three Motions for Summary Judgment (Docs. 153, 154, and 159), Statement of Material Facts (Doc. 156), and Memorandum in Support (Doc. 160). In the alternative, Plaintiffs request that the Court order Defendants to file one motion for summary judgment within the 40 page limit by no later than three days from the entry of this Order.

Should the Court allow Defendants' motions and memoranda to stand as filed, Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Excess Pages (Doc. 159) and disregard all portions of Defendants' Memorandum in Support beyond the first 40 pages, or for such other relief that the Court deems proper.

Respectfully submitted,

**SCHLICHTER, BOGARD & DENTON**


By:   /s/ Jason P. Kelly
Jerome J. Schlichter, phv 01476
Nelson G. Wolff, phv 02448
Jason P. Kelly, phv 02471
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
Phone: (314) 621-6115
Fax: (314) 621-7151
jkelly@uselaws.com

*Lead Counsel for Plaintiffs*


Stuart M. Katz
Federal Bar No. ct12088
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Phone: (203) 368-0211
Fax: (203) 394-9901
E-mail: skatz@cohenandwolf.com

*Local Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 11, 2008, a copy of the foregoing Motion and Memorandum in Support to Strike Defendants' Motions for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

                    /s/ Jason P. Kelly
                    Jason P. Kelly, phv 02471
                    100 South Fourth Street, Suite 900
                    St. Louis, Missouri 63102
                    Phone: (314) 621-6115
                    Fax: (314) 621-7151
                    jkelly@uselaws.com