**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| DAVID S. TAYLOR, et al., | ) |
| Plaintiffs, | ) CASE NO. 3:06-CV-01494 (WWE) |
| v. | ) |
| UNITED TECHNOLOGIES CORPORATION, et al., | ) |
| Defendants. | ) JUNE 12, 2008 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs in this action have alleged numerous and varied claims against Defendants relating to events spanning more than a decade. Many—such as the contention that any actively managed mutual fund is a *per se* imprudent investment in violation of ERISA (Count VIII)—do not, by their nature, turn on questions specific to UTC's Employee Savings Plan. The other claims—such as the allegation that Defendants allowed a vendor to make unauthorized use of interest generated by Plan assets (Count VI)—fail because Plaintiffs have mustered no evidence to support them. For these reasons, and because of affirmative defenses to certain causes of action, all the claims in this case are properly resolved by summary judgment against Plaintiffs.

Defendants concede that, although they timely filed two summary judgment motions during the late evening of Friday, June 6, 2008 (Docs. 153, 154), supporting papers were filed and served between midnight and 2:00 a.m. on Saturday, June 7, 2008. Specifically, the Local Rule 56(a)(1) Statement of Material Facts in support of both motions was filed electronically at 12:33 a.m. (Doc. 156), a motion to exceed the briefing page limit was filed at 1:39 a.m. (Doc.

DC: 2857041-1

159), and the Memorandum of Law in support of the one of the motions was tendered at 1:49 a.m. (Doc. 160). Defendants apologize to the Court for their lawyers' failure to file these supporting papers before midnight; Defendants intended no disrespect for the Court or its orders. Plaintiffs, however, have not even suggested that they have been prejudiced by the post-midnight filings on Saturday morning. Plaintiffs' Motion (Doc. 161), which seeks the harsh and unwarranted sanction of striking Defendants' meritorious motions, should be denied.

## Background

Following scheduling disputes arising from Plaintiffs' disclosure of additional expert reports in February 2008, the parties stipulated (with one exception) to a Scheduling Order that the Court adopted on April 11. *See* Doc. 149. The exception concerned setting a trial date for this ERISA action; the Court resolved that by ruling, "The Court will set the date of the trial after resolution of dispositive motions." *Id.* The stipulated schedule provided that dispositive motions would be due two weeks after the final expert deposition. Because the final expert deposition was taken on May 23, *see* Pls. Mot. at 2, summary judgment motions were due by June 6.

Defendants filed two summary judgment motions during the evening of June 6. *See* Docs. 153, 154. The motion filed as Document 153, with an incorporated Memorandum, raises the affirmative defenses of release and waiver against only two named Plaintiffs, based on their individual circumstances. The omnibus motion filed as Document 154 seeks summary judgment against all claims alleged in the Second Amended Complaint. Both motions are supported by a common Local Rule 56(a)(1) Statement of Material Facts ("Statement of Facts") comprising individually-numbered, discrete statements of fact with citations to evidence. The vast temporal and topical breadth of Plaintiffs' allegations require a lengthy Statement of Facts. The omnibus motion is supported by a separate Memorandum of Law ("Omnibus Brief"). As explained in Defendants' Motion for Leave to File Excess Pages (Doc. 159), the Omnibus Brief called for

lengthy discussions of legal authorities and indisputable facts to cover all the ground put at issue by Plaintiffs.

Although the Statement of Facts and the substance of the Omnibus Brief had been completed well before June 6 ended, Defendants' lawyers underestimated the amount of time that completing non-substantive elements of the Brief would require.  As a result, when midnight arrived the numerous cross-references in the Omnibus Brief to the Statement of Facts were mostly incomplete, and the Brief lacked tables of contents and authorities.[1]  The Statement of Facts was finalized and filed at 12:33 a.m., and the Omnibus Brief (with completed tables and cross-references) was filed at 1:49 a.m.  In addition, because the omnibus motion had inadvertently omitted express references to two affirmative defenses (although it expressly referenced the forthcoming Omnibus Brief, which addresses them) and contained typographical errors, Defendants submitted an amended motion (Doc. 158) at 12:59 a.m. to correct those errors.  Due to electronic filing, Plaintiffs received notices of service and access to these submissions almost immediately.

Plaintiffs' motion does not contend that they were prejudiced by the filing of papers supporting Defendants' motions less than two hours after the midnight deadline.

## Discussion

**I.  Striking Defendants' Motions Due to Supporting Filings Less than Two Hours After Midnight Would Be Unwarranted**

Although Plaintiffs argue that Defendants' motions "were deficient in numerous ways," their argument relies almost exclusively on the filing of supporting papers between midnight and 1:49 a.m. on June 7.

- The summary judgment motion concerning Plaintiffs Taylor and Todd (Doc. 153) is asserted to be deficient only because it purportedly was filed without a Local

---

[1] The Omnibus Brief had not been formatted during its composition for the automatic generation of such tables.

3

>Rule 56(a)(1) Statement of Material Facts. *See* Pls. Mot. at 2 (1st bullet). Yet the Statement of Facts, which is common to both of Defendants' summary judgment motions (as indicated by the docket), was filed at 12:33 a.m.

- The omnibus summary judgment motion (Doc. 154) is asserted to be deficient because it supposedly lacked a Statement of Facts and a Memorandum of Law. Yet the Statement of Facts was filed at 12:33 a.m. and the Omnibus Brief was submitted at 1:49 a.m.

- The Statement of Facts (Doc. 156) is purportedly defective because it was filed at 12:33 a.m., or because it supports motions that Plaintiffs deem defective because this and other supporting papers were filed after midnight.

- The amended omnibus motion (Doc. 158), which amended errors and omissions in the omnibus motion, is said to be deficient because it was filed at 12:59 a.m. and before the Statement of Facts and Omnibus Brief.

- The motion for leave to file excess pages (Doc. 159) is asserted to be deficient because it was filed at 1:37 a.m.

- The Omnibus Brief (Doc. 160) is said to be deficient because it was filed at 1:49 a.m.[2]

While Defendants regret the almost two-hour delay in filing the Statement of Facts and Omnibus Brief, this situation did not result from disregard of the Court's order, but rather from misjudgment of the time required to complete the requisite clerical tasks. By no means did Defendants intend simply to ignore the Court's requirements. Under these circumstances, the sanction of utterly disregarding Defendants summary judgment motions, without regard to their merit, would be unwarranted.

The requested sanction also would be inappropriate because Plaintiffs have not even suggested that they (or the Court) were prejudiced by the submission of papers between midnight

---

[2] Plaintiffs also complain that the Statement of Facts and Omnibus Brief were not "annexed" to the related motions. It is not clear what Plaintiffs mean. The docket reveals that the supporting papers are shown to be related to the relevant motions. *See*, *e.g.*, Doc. 156 ("Statement of Material Facts re [154] MOTION for Summary Judgment, [153] MOTION for Summary Judgment Against Released Claims of Plaintiffs Taylor and Todd and Memorandum in Support"). If Plaintiffs mean to contend that supporting papers must be electronically filed as virtual attachments to the motions, under the same document number on the docket (rather than as separate documents referencing the supported motions), widespread practice of the local bar in filing summary judgment motions in this Court contradicts this contention. Plaintiffs cite no precedent construing Local Rule 56(a)(1) as creating (to borrow a phrase from Justice White) such a "procedural trap for the unwary." *Crown Coat Front Co. v. United States*, 386 U.S. 503, 515 (1967).

4

and 1:49 a.m. on June 7.  Under the stipulated schedule, Plaintiffs have 28 days to respond to the dispositive motions.  *See* Docs. 158, 159.  Plaintiffs do not argue that they were planning to commence work on opposition papers at 12:01 a.m. on Saturday, June 7, but were prevented from doing so until 2:00 a.m.  Indeed, in their separate Motion to Amend Case Management Order (Doc. 162), Plaintiffs plainly state that they can and will respond to Defendants' summary judgment motions in accordance with the existing schedule.

Even had Defendants' counsels' inadvertent two-hour filing delay somehow prejudiced Plaintiffs (which it did not), the logical remedy would be a modest enlargement of Plaintiffs' period for responding—not the grossly disproportional sanction urged in Plaintiffs' motion.

## II.    Plaintiffs' Argument That Summary Judgment "Cut[s] Off" Their Rights Is Unfounded

Plaintiffs also want to strike Defendants' dispositive motions—without responding to their merits—because summary judgment would "cut off Plaintiffs' right to present their case to the fact finder."  Pls. Mot. at 4.  This argument puts the cart before the horse:  Plaintiffs have no right to put any claim before a trier of fact unless they have viable legal theories and sufficient material evidence to support it.  Defendants' motions seek to resolve exactly those questions.  Summary judgment enables the Court to assess the evidence, if any, and determine whether trial will be necessary.  *See Jones v. Gem Chevrolet*, 166 F. Supp. 2d 647, 649 (D. Conn. 2001).

Moreover, Plaintiffs' dim view of summary judgment stands in stark contrast to the Supreme Court's explanation that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  "Properly used, summary judgment allows the court to dispose of meritless claims before becoming entrenched in a

frivolous and costly trial." *Sargeant v. Int'l Union of Operating Eng'rs*, 746 F. Supp. 241, 243 (D. Conn. 1990) (quoting *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 843 F.2d 54, 58 (2d Cir. 1987)); *see also Omega Eng'g, Inc., v. Eastman Kodak Co.*, 908 F. Supp. 1084, 1089 (D. Conn. 1995) ("Summary judgment avoids the delay and expense of trying claims for which a legally meritorious, factually indisputable defense exists.").[3]

In effect, Plaintiffs argue that the Court must conclude that summary judgment is not appropriate as to *any* of the eight alleged causes of action (Counts I through VIII) or on the bases of *any* of three distinct affirmative defenses simply because the Statement of Facts is "over 70 pages," the Omnibus Brief is 89 pages long, and the Taylor/Todd Motion and Memorandum "exceeds 10 pages." Pls. Mot. at 4. That contention is patently meritless. By Plaintiffs' logic, even the most obviously unfounded allegation in an expansive case must survive summary judgment and require examination at trial, simply because it is the fellow traveler of other issues that, taken as a whole, require lengthy discussion.

Defendants recognize that permission of the Court is required for the acceptance of a Memorandum of Law in excess of 40 pages, and therefore requested such permission in their Motion for Leave to File Excess Pages (Doc. 159) accompanying the Omnibus Brief (Doc. 160). Plaintiffs have not seen fit to respond to the substance of that motion, but merely observe that Defendants "are not the first parties to face the 40 page limit when attempting to deal with complex issues." Pls. Mot. at 5. While that is true, it also is true that many such parties have been granted leave by the Court to exceed that limit, just as Defendants have requested. In their motion requesting that the Court so exercise its discretion here, Defendants have explained why

---

[3] *See also Weinstock v. Columbia Univ.*, 224 F.3d 33, 49 (2d Cir. 2000) (the purpose of summary judgment is to "weed out those cases that are destined to be dismissed on a motion for judgment as a matter of law"); *United Nat'l Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 355 (2d Cir. 1993) ("Summary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict.").

6

the legal claims and the scope of the material facts require lengthy discussion, even though the *material* facts are indisputable.[4]

## Conclusion

Plaintiffs maintain that the filing of varied causes of action, like birdshot fired from a shotgun, with regard to the conduct of various actors over a long period of time, must preclude summary judgment. This glib contention has no merit and should be rejected. Defendants respectfully request that Plaintiffs' Motion to Strike be denied, and that the parties be directed to complete briefing of Defendants' motions so that the Court can determine on the merits which of Plaintiffs' claims, if any, should be tried to the Court.

---

[4] Plaintiffs' requested alternative relief—that the Court consider only the first 40 pages of the Omnibus Brief—has no practical benefit. Doing so would limit the Court to considering only the discussion of common facts and of the absence of merit in Counts I, VII, and VIII (omitting part of the discussion of the latter two). The discussions of Counts III, IV, V, and VI, and of the affirmative defenses provided by ERISA Sections 404(c) and 413, would be disregarded for no logical reason. The locating of those discussions in the latter 49 pages of the Omnibus Brief reflects a judgment about the clearest and most coherent order of presentation, not a suggestion by Defendants of lesser merit.

Respectfully submitted,

/s/ Thomas L. Cubbage III

| | |
|---|---|
| *Of Counsel:* | Jeffrey G. Huvelle (phv01440) |
| Zachary R. Osborne (ct19988) | Thomas L. Cubbage III (phv01441) |
| UNITED TECHNOLOGIES CORPORATION | Peter A. Swanson (phv01442) |
| One Financial Plaza | COVINGTON & BURLING LLP |
| United Technologies Building | 1201 Pennsylvania Ave., N.W. |
| Hartford, CT 06103-2703 | Washington, D.C. 20004 |
| (860) 728-7821 | (202) 662-6000 |
| (860) 998-4751 (fax) | (202) 662-6291 (fax) |
| zachary.osborne@utc.com | jhuvelle@cov.com |
| | tcubbage@cov.com |
| | pswanson@cov.com |

Steven M. Greenspan (ct00380)
DAY PITNEY LLP
242 Trumbull St.
Hartford, CT 06103
(860) 275-0100
(860) 275-0343 (fax)
smgreenspan@daypitney.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 12, 2008, a copy of the foregoing Opposition was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

              /s/ Thomas L. Cubbage III
              Thomas L. Cubbage III (phv01441)