IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID S. TAYLOR**, *et al.*, | ) | |
| individually and on behalf of all | ) | |
| similarly situated persons, | ) | CASE NO. 3:06-CV-01494-WWE |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | |
| **UNITED TECHNOLOGIES** | ) | July 19, 2008 |
| **CORPORATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DAVID WITZ

Defendants' Reply Memorandum in Support of their Motion to Exclude Testimony of David Witz is nothing more than a thinly veiled rehash of their original Motion, and does not adequately reply to anything in Plaintiffs' Response that Defendants did not raise in their original Motion. There can be no doubt that when the Court is weighing the tediously detailed factual evidence to determine whether Defendants' met their burden to prove compliance with the myriad requirements of ERISA §404(c) that the testimony of an expert would greatly assist the Court in its decision.

Among other roles as a fiduciary and consultant to plan sponsors, Witz performs fiduciary audits for plan sponsors, reviewing operational details of plans to ensure compliance with regulations regarding §404(c), and makes recommendations for changes to bring them into compliance. This, plus his training and experience make him an expert. He is doing exactly the same thing here – assessing the Plan for operational compliance – as he does in fiduciary audits. It will be for the Court to decide, with the input of Witz, whether the facts of what occurred here amount to non-compliance with the law.

Despite Witz's qualifications to testify about ERISA, in particular §404(c), with 26 years of industry experience and expertise as an independent fiduciary in the nuances of the facts and circumstances involved with complying with §404(c), Defendants persist in portraying him as lacking expertise because he lacks a legal education. This argument simply makes no sense and further, has no support. First, Defendants ignore the well established law that "one may be an expert solely based on one's practical experience notwithstanding a lack of professional education." *Mahoney v. JJ Weiser & Co., Inc.,* 2007 WL 3143710 * 7 (S.D.N.Y. Oct. 25, 2007); *see also*, *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995) (finding an expert's testimony properly admitted on the basis of practical experience and that "quibble[s]" over an expert's academic training are not relevant to the issue of admissibility).

Second, Defendants on the one hand seek to disqualify Witz across the board and deprive the Court of his expertise because they say he is rendering "legal opinion." Yet, on the other hand, they say that he must have a law degree to render this "legal opinion." No case is cited supporting this novel proposition. To the contrary, the fact that Witz has no law degree demonstrates that he is not expressing a legal opinion. Rather, he is doing nothing different from what plan sponsors hire him to do for them in an operational sense. Here he is doing it for the benefit of the court. What he is doing is similar to an industrial hygienist consulting for a company to ensure that it meets the requirements of OSHA in the workplace, and who advises the employer factually in what is lacking. Witz is doing much the same thing here with regard to the operational details of this 401(k) plan.

Even if Witz's testimony were treated as containing facts *and* law, the law of this Circuit, and the Federal Rules of Evidence, clearly allow it. Defendants have attempted, and failed, to characterize Witz's opinion as testimony that will assume the role of the Court. As Plaintiffs

made perfectly clear in their Response, this is simply untrue.  Moreover, in an implicit admission of the weakness of their argument, Defendants fail to acknowledge the Second Circuit's holding in *Fiataruolo v. U.S.,* 8 F.3d 930 (2d Cir. 1993).  As Plaintiffs' plainly detail in their Response, the Second Circuit in that case, which is directly on point to this case, clearly states that "[e]xperts may testify as to mixed questions of fact and law."  *Fiataruolo*, 8 F.3d at 941.  In admitting the expert's testimony on mixed questions of fact and law, the *Fiataruolo* court also emphasized the importance of examining the expert's opinion and testimony in the proper context.  *Id*. at 942.

Testimony as to mixed questions of fact and law is not objectionable merely "because it embraces an ultimate issue to be decided by the trier of fact."  *Id.* at 941 (internal quotations omitted).  In *Cary Oil Co. Inc. v. MG Refining & Mktg., Inc.,* the court based its reasoning on *Fiataruolo* and found that "the Federal Rules of Evidence were amended over twenty years ago to allow expert witnesses to render opinions even if they embrace[ ] an ultimate issue to be decided by the trier of fact."  2003 WL 1878246 * 5 (S.D.N.Y.  Apr. 11, 2003) (internal quotations omitted).  The court further held that the amendment "*provided trial courts with more latitude to allow experts to testify about issues that would help the [fact finder] understand concepts it needed to know to render a verdict despite the fact that the opinions may encroach on matters of law*."  *Id.* (emphasis added).  Based on this reasoning, the court admitted the testimony of the expert who intended to "conduct [his] analysis by referring to the evidence submitted for trial that he has reviewed, including objective facts," which is the type of analysis Witz has done in this case.  *Id.* at *6.

Furthermore, contrary to Defendants' contention, Plaintiffs have unquestionably *not* argued that Witz's testimony is inadmissible, but should still be allowed because this is a bench

tried case. To the contrary, Plaintiffs plainly stated that "[w]hile Witz's testimony certainly does not constitute inadmissible legal opinion, any concern about possibly crossing the line between fact and law is particularly minor in a case such as this, where the Court sits as the trier of fact." Doc. 168, p. 9. As the Second Circuit authority cited by Plaintiffs makes clear, to the extent the Court has *any* concerns about Witz's testimony encroaching on the Court's role, those concerns are alleviated because this is a bench tried case. Defendants have ignored the fact that this Court is keenly aware of this longstanding principle. *See, e.g.*, *O'Brien v. Rogovin Moving and Storage Co.*, No. 04cv01150, 2007 WL 4875698, at *1 (D.Conn. Dec. 7, 2007) (denying motion to exclude expert "since the hearing on damages is tried to the Court").

## CONCLUSION

Defendants have again failed to demonstrate that Witz's testimony should be excluded. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Exclude Testimony of David Witz.

Respectfully submitted,

                            **SCHLICHTER, BOGARD & DENTON**

                By:    __/s/__Jason P. Kelly_____
                     Jerome J. Schlichter, phv 01476
                     Nelson G. Wolff, phv 02448
                     Jason P. Kelly, phv 02471
                     100 South Fourth Street, Suite 900
                     St. Louis, Missouri 63102
                     Phone: (314) 621-6115
                     Fax: (314) 621-7151
                     jkelly@uselaws.com

                     *Lead Counsel for Plaintiffs*

                     Stuart M. Katz
                     Federal Bar No. ct12088
                     Cohen and Wolf, P.C.
                     1115 Broad Street
                     Bridgeport, CT 06604
                     Phone: (203) 368-0211
                     Fax: (203) 394-9901
                     E-mail:  skatz@cohenandwolf.com

                     *Local Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

     I hereby certify that on July 19, 2008, a copy of the foregoing Surreply in Opposition To Defendants' Motion To Exclude Testimony of David Witz was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

                             _/s/ _Jason P. Kelly___
                             Jason P. Kelly, phv 02471
                             100 South Fourth Street, Suite 900
                             St. Louis, Missouri 63102
                             Phone: (314) 621-6115
                             Fax: (314) 621-7151
                             jkelly@uselaws.com