UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID S. TAYLOR, JIM CONLIN, and KARL TODD, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED TECHNOLOGIES CORPORATION, et al.,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   3:06cv1494 (WWE)<br>:<br>:<br>:<br>: |

### ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants argue that, as prevailing parties, they are entitled to reasonable attorney fees and costs.

The Employee Retirement Income Security Act of 1974 ("ERISA") provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In determining whether to grant a request for attorneys' fees in an ERISA action, the Second Circuit has delineated five factors to be considered: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorneys' fees; (3) whether an award of fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action sought to confer a common benefit on a group of pension plan participants. Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir.1987). No single factor is determinative. Mahoney v. J.J. Weiser & Co., 646 F. Supp. 2d 582, 590 (S.D.N.Y. 2009).

The Second Circuit instructs that ERISA's attorney fee provision must be construed to protect the statutory purpose of vindicating retirement rights. Locher v. Unum Life Ins. Co. of Am., 389 F.3d 288, 298 (2d Cir. 2004). The Chambless factors tend to balance against an award of attorneys' fees favoring the defense due to the differing postures of a prevailing defendant and plaintiff. See Celardo v. GNY Auto. Dealers Health & Welfare Trust, 318 F.3d 142, 147 (2d Cir. 2003). While a defendant loses an ERISA case due to a finding of a statutory violation, a plaintiff loses in most cases due to an error in interpretation or deficiency as to proof. See Salovaara v. Eckert, 222 F.3d 19, 28 (2d Cir. 2000).

Prevailing defendants may recover attorneys' fees under unusual circumstances, which are commonly found when there is evidence of intentional dishonesty on the plaintiff's part. See, e.g., Seitzman v. Sun Life Assur. Co. of Canada, Inc., 311 F.3d 477, 484-85 (2d Cir. 2002).

Defendants argue that the instant case was so meritless that the first, third and fourth factors weigh heavily in favor of a defense award of attorneys' fees. Defendants maintain that the award would work in favor of deterrence of other similar claims and that plaintiffs are able to satisfy the requested award of $1,783,276. Defendants assert further that their successful defense of this case will assist other employers defending against similar claims.

Plaintiffs did not prevail on their claims, which may be characterized as weak, but they did not act with the requisite standard of culpability in filing suit. Culpable conduct is conduct that is blameable or involving the breach of a legal duty or commission of fault. Slupinski v. First Unum Life Ins. Co., 554 F.3d 38, 48 (2d Cir. 2009). Here, the claims were not so meritless that plaintiffs could be considered to have breached a

legal duty in filing this action.  The Court denied the motion to dismiss for failure to state a claim, and it granted summary judgment in defendants' favor after review of the evidence demonstrated that defendants had not violated the prudent person standard or otherwise breached their fiduciary duties.  Further, despite defendants' proffer that the plaintiffs have some assets, it appears more likely that the individual plaintiffs would bear a financial hardship of depleting their assets to satisfy the requested award.

In the instant case, an award of attorneys' fees would represent over-deterrence that, as the Second Circuit has warned, would likely deter beneficiaries from "bringing suits in good faith for fear that they would be saddled with their adversary's fees in addition to their own in the event that they failed to prevail; this, in turn, would undermine ERISA's essential remedial purpose."  Salovaara, 222 F.3d at 31.  This Court is reluctant to transform the attorneys' fee provision from a shield into a sword.  See Seitzman, 311 F.3d 477, 486 (2d Cir. 2002).

Accordingly, the first four factors do not weigh in favor of an attorneys' fee award to defendants.  As to the fifth factor, whether the action conferred a common benefit on a group of plan participants, the parties appear to agree that it does not bear substantially on the instant attorney fees calculus.  See Mahoney v. J.J. Weiser & Co., 646 F. Supp. 2d 582, 594 (S.D.N.Y. 2009) (fifth factor is generally regarded as inapplicable or neutral where prevailing defendant is seeking fees).

In light of the foregoing discussion, the motion for attorneys' fees [doc. # 216] is DENIED.

      _____/s/_____
      Warren W. Eginton
      Senior United States District Judge

Dated this 13th day of July, 2010 in Bridgeport, Connecticut.